UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MACEO WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-052-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DET. RAWLINGS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pretrial detainee and Plaintiff Maceo Woods is currently confined at the Bourbon County Detention Center in Paris, Kentucky. Proceeding without an attorney, Woods has filed an Amended Complaint asserting claims against Bluegrass Drug Task Force Detectives Rawlings, Lawson, Gaby, Burden, Gray, Purvis, Sanquiqni, and Rowens pursuant to 42 U.S.C. § 1983. [Record No. 6] By prior order, the Court granted Woods' motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 9] The Court now conducts a preliminary review of Woods' Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

---

[1] On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Woods' claims under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Woods alleges that, on June 27, 2023, the defendants threw tire spikes in front of his vehicle causing four flat tires and then placed Woods under arrest pursuant to an outstanding warrant. Woods claims he later determined that the warrant did not exist. [Record No. 6] He further alleges that, after being handcuffed and placed in a police unit for an hour or more, he needed to use a bathroom, but was forced to make use of a public road instead. [*Id.*] He also alleges that he was subjected to a warrantless bodily cavity search which he claims constituted a sexual assault and indecently exposed him in public. [*Id.*] According to Woods, he was then transported to the Bourbon County Detention Center, lodged as a "warrantless" arrestee, and later held on "fabricated charges to maliciously prosecute" him. [*Id.*] Based upon these allegations, he claims violations of his rights under the United States Constitution and the Universal Declaration of Human Rights. [*Id*] As relief, Woods seeks monetary damages of approximately $25 million. [*Id.*]

Woods' claims relate to ongoing state criminal proceedings pending in the Bourbon County Court. A review of the Kentucky Court of Justice's online CourtNet database indicates that, on June 27, 2023, at 1:20 p.m., a warrant for Woods' arrest was signed by Judge J. Blevins based upon a Kentucky State Trooper's statement that Woods had sold substances, including fentanyl and heroin, to a confidential witness on multiple occasions from April 18, 2023, through June 6, 2023. *See Commonwealth v. Woods*, No. 23-F-00132 (Bourbon Dist. Ct. 2023) (Criminal Complaint/Warrant/Summons).[2] On June 27, 2023, at approximately 2:12 p.m., Woods was operating a vehicle on Bryan Station Road in Lexington, Kentucky, and was

---

[2] *See* https://kcoj.kycourts.net/CourtNet/Search/Index (accessed March 4, 2024). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

stopped and arrested by the Kentucky State Police for charges including failure to wear seat belts, excessive windshield/window tinting, trafficking in controlled substances (Carfentanil or Fentanyl derivatives), tampering with physical evidence, and fleeing or evading police.  *Id.*; *See also Commonwealth v. Woods*, No. 23-F-00131 (Bourbon Dist. Ct. 2023) (Citation). Through an indictment issued August 8, 2023, a Bourbon County Grand Jury issued charged Woods with various drug trafficking charges as well as tampering with physical evidence, fleeing or evading police in the second degree, excessive windshield/window tinting, and failure to wear seatbelts.  *See Commonwealth v. Woods*, No. 23-CR-00128 (Bourbon Cir. Ct. 2023) (Indictment).  These charges remain pending in the Bourbon Circuit Court.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44.  The doctrine announced in *Younger* is intended to "permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Woods remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a

defense to the charges against him.  Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights.  *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Further, nothing in Woods' Amended Complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception.  *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975).  *Younger* abstention therefore is warranted and appropriate with respect to Woods' claims.  *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

However, considering Woods' demand for monetary damages, this Court will stay, rather than dismiss, his claims.  "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."  *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 731 (1996).  Here, Woods' "monetary demand is sufficient to warrant a stay and not dismissal in this case."  *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013).  *See also Nimer v. Litchfield Tp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("[T]he appropriate procedure, when abstaining under *Younger*, is to stay the proceedings rather than to dismiss the case without prejudice.  Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.").

Even if staying (rather than dismissing) Woods' claims eventually proves "an empty formality," *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), Sixth Circuit precedent provides for Woods' pending Amended Complaint to remain on the Court's docket at this time. Because abstention is clearly warranted in this case, the Court will defer further review of Woods' claims under 28 U.S.C. §§ 1915 and 1915A until such time as the stay is lifted.

Accordingly, it is hereby **ORDERED** as follows:

1.      Pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), the Court **ABSTAINS** from further evaluating or adjudicating Woods' Amended Complaint [Record No. 6] at this time;

2.      This matter is **STAYED** for the pendency of Woods' state court criminal proceedings; and

3.      **Every ninety (90) days** (beginning this date), Woods must file a "Status Report" with the Court explaining the status of his state criminal case and whether his criminal charges remain pending or have been resolved, and if resolved, the nature of the resolution. **Failure to provide timely status reports providing the information requested may result in the Amended Complaint being dismissed**.

Dated: March 6, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky