UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MACEO WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-052-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DETECTIVE RAWLINGS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Maceo Woods is an inmate confined at the Bourbon County Detention Center. Proceeding without counsel, Woods has filed a civil rights Complaint asserting claims against several law enforcement officers who were involved in his June 2023 arrest.[1] [Record No. 6] However, because related state criminal proceedings were pending against Woods at the time he filed his Complaint, this matter was stayed this civil action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). [Record No. 10]. Woods recently notified the Court that he pleaded guilty to all criminal charges in the Bourbon Circuit Court on October 14, 2025, and has been sentenced to eight years' imprisonment. [Record No. 17]. Having lifted the stay by a prior Order [Record No. 18], Woods' Complaint is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] Woods filed his initial Complaint February 24, 2024. [Record No. 1]. However, he filed an Amended Complaint on March 1, 2024, which the Court refers to as "Complaint" herein. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

Sections 1915(e)(2) and 1915A require dismissal of any claim that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. At this stage of review, the Court accepts Woods' factual allegations as true. And the Court construes his legal claims liberally in his favor because he is not represented by counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Woods names the following defendants in his Complaint: (1) Det. Rawlings; (2) Lawson; (3) Gaby; (4) Burden; (5) Gray; (6) Purvis; (7) Michael Sanquiqni; and (8) Teddy Rowens. Woods alleges that the defendants, who are members of the Bluegrass Drug Task Force, stopped his car using tire spikes on June 27, 2023. [Record No. 6 at 2-3]. Woods subsequently was placed under arrest based on an outstanding warrant that he claims did not exist. He asserts that, after sitting handcuffed in a police cruiser for "an hour or more," he advised an unspecified officer that he needed to urinate. According to Woods, Defendants Rawlings, Lawson, and Burden "made" him urinate beside the road, causing Woods embarrassment and humiliation. Woods alleges that Defendants Gray, Purvis, Gaby, and Rowens then searched him while standing behind an officer's vehicle and, while doing so, "they" groped his genitals, pulled his shorts down, and performed a warrantless body cavity search. *Id.* at 3-4.

Woods contends that the defendants' actions violated his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He also alleges that the defendants sexually assaulted him and subjected him to "indecent exposure" and humiliation. Finally, Woods asserts that the defendants violated the Universal Declaration of Human Rights. For relief, he seeks monetary damages pursuant to 42 U.S.C. § 1983. *Id.* at 9.

Several of Woods' claims will be dismissed for failure to state a claim upon which relief can be granted. First, Woods' claims under the Universal Declaration of Human Rights necessarily fail because that document does not impose any legal obligations on the defendants. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004). Additionally, the Court does not observe any alleged facts that would state a claim for relief under the Sixth Amendment, which guarantees *trial* rights to criminal defendants. *See* U.S. CONST. amend. VI; *Kirby v. Illinois*, 406 U.S. 682, 690 (1972) (noting that the guarantees of the Sixth Amendment apply only to "criminal prosecutions"). Woods also does not allege that he had been convicted of a crime, as required to sustain an Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). Finally, Woods fails to state a standalone claim under the Fourteenth Amendment, as allegations of excessive force during a traffic stop are analyzed under the Fourth Amendment. *See Colson v. City of Alcoa*, 37 F.4th 1182, 1187 (6th Cir. 2022); *King v. City of Rockford*, 97 F.4th 379, 393 (6th Cir. 2024) (explaining that "[t]he Fourth Amendment's guarantee against unreasonable seizures encompasses a protection against use of excessive, or unreasonable, force in the context of an arrest or investigatory stop") (citation and internal quotation marks omitted). Thus, for the foregoing reasons, Woods' claims under the Universal Declaration of Human Rights and the Sixth, Eighth, and Fourteenth Amendments will be dismissed.

However, Woods may proceed with the following claims under the Fourth Amendment: denial of restroom access against Rawlings, Lawson, and Burden;[2] and illegal

---

[2] While it does not appear that the Sixth Circuit has directly addressed the issue, multiple courts have construed a detainee's allegation of restroom denial as a claim of excessive force under the Fourth Amendment. *See Antol v. English*, No. 1:25-cv-170, 2025 WL 3513834, at *10-11 (W.D. Mich. Oct. 28, 2025) (citing *Little v. Gore*, 148 F. Supp. 3d 936, 952-53 (S.D. Cal.

search and/or excessive force against Defendants Gray, Purvis, Gaby, and Rowens.[3] And having construed Woods' legal claims liberally in his favor, the Court also will permit him to proceed with claims of assault and/or battery under Kentucky law against Defendants Gray, Purvis, Gaby, and Rowens.

Since Woods is a *pro se* prisoner who is proceeding *in forma pauperis*, the Court ordinarily would direct the United States Marshals Service ("USMS") to serve the defendants with a summons and copy of the Complaint on Woods' behalf. *See* Fed. R. Civ. P. 4(c)(3). But at this point, Woods has not sufficiently identified the defendants for service. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (explaining the plaintiff must take reasonable steps "to identify for the court the defendants named in the complaint"); *Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) ("[W]here a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants *once the plaintiff has properly identified the defendants in the complaint*." (emphasis added); *Simmons v. Brewer*, No. 2:18-cv-11040, 2020 WL 13824624, at *1 (E.D. Mich. Dec. 2, 2020) (observing that "it is the prisoner-plaintiff's

---

2015); *Hunter v. Namanny*, 219 F.3d 825, 831 (8th Cir. 2000); *Miller v. Placer Cnty.*, 84 F. App'x 973-75 (9th Cir. 2004)). *But see Farley v. Potter*, No. 3:22-CV-00127-TAV-DCP, 2023 WL 118907501, at *15 n.23 (E.D. Tenn. Feb. 3, 2023) (evaluating pretrial detainee's claim of bathroom deprivation under the Eighth Amendment vis-à-vis the Fourteenth Amendment).

[3] To the extent Woods' claims are based on his allegedly warrantless arrest and malicious prosecution, those claims are foreclosed by his related criminal conviction. *See Werth v. Stone*, No. 2:09–11471, 2009 WL 1210635 (E.D. Mich. Apr. 28, 2009) ("Because plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his illegal arrest . . . fail to state a claim for which relief may be granted); *Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389 (6th Cir. 2022) ("To prove malicious prosecution, a plaintiff must show "termination of the prior criminal proceeding in favor of the accused.") (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

responsibility to properly identify a defendant in the complaint, and to provide a proper address for service"). With the exception of Defendants Michael Sanquiqni and Teddy Rowens, Woods has only provided the defendants' last names. Moreover, Woods did not provide any indication of the location where the defendants should be served.

Woods will be given an opportunity to provide the Court will additional information to enable the USMS to serve the defendants. Woods is advised, however, of Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has now been more than ninety days since Woods filed his Complaint, and he has not specified the identities of the defendants so they can be served. Consistent with Rule 4(m), Woods is notified that if he does not provide additional information identifying the defendants for service within 30 days, the Court will dismiss his claims.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Woods' claims under the Universal Declaration of Human Rights and the Sixth, Eighth, and Fourteenth Amendments are **DISMISSED**.

2. Woods may **PROCEED** with his Fourth Amendment and Kentucky state law claims as described above.

3. **Within 30 days**, Woods must provide the Court with the defendants' names and addresses for service of process by the USMS. If Woods fails to do so, this action will be dismissed.

- 6 -

Dated: January 13, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky